FILED
FT. SMITH DIST.

2023 MAY 16 P 4: 53

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CIVIL DIVISION VII

RILEY ADONIS POWELL                                         PLAINTIFF

VS.                              CASE NO. CV-23- 445 VII

WESTROCK CAPITAL PARTNERS, LLC;
WESTROCK KRAFT PAPER, LLC;
WESTROCK PACKAGING SYSTEMS, LLC;
WESTROCK SERVICES, LLC; AND
JOHN DOES I-X                                               DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, Riley Adonis Powell, and for this Complaint and cause of action against Defendants, WestRock Capital Partners, LLC, WestRock Kraft Paper, LLC, WestRock Packaging Systems, LLC, and WestRock Services, LLC, (hereinafter collectively referred to as "WestRock"), and John Does I-X, do state and allege as follows:

### INTRODUCTION

1. That this is an action for ordinary negligence, failure to maintain the premises, failure to warn, negligent hiring, negligent training, negligent supervision, and negligent retention seeking compensatory damages, punitive damages, and all other elements of damage applicable to this particular case, resulting from a fall occurring on the premises of WestRock on or about May 17, 2021 in Sebastian County, Arkansas.

### PARTIES

2. That the Plaintiff, Riley Adonis Powell, was at all times material hereto, a citizen and resident of Fort Smith, Sebastian County, Arkansas, and was a resident of same at the time of the act and events herein complained.

3. That the Separate Defendant, WestRock Capital Partners, LLC, is currently, and was at all times relevant to this case, a domestic limited liability company and nation-wide manufacturer registered in this state and doing business in the State of Arkansas.

4. That the Separate Defendant, WestRock Capital Partners, LLC's, agent for service of process is William J. Changose, Sr., located at 100 Morgan Keegan Drive, Ste 219, Little Rock, AR 72202.

5. That the Separate Defendant, WestRock Kraft Paper, LLC, is currently, and was at all times relevant to this case, a foreign limited liability company and nation-wide manufacturer registered in this state and doing business in the State of Arkansas.

6. That the Separate Defendant, WestRock Kraft Paper, LLC's, agent for service of process is Corporation Service Company, located at 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, AR 72201.

7. That the Separate Defendant, WestRock Packaging Systems, LLC, is currently, and was at all times relevant to this case, a foreign limited liability company and nation-wide manufacturer registered in this state and doing business in the State of Arkansas.

8. That the Separate Defendant, WestRock Packaging Systems, LLC's, agent for service of process is Corporation Service Company, located at 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, AR 72201.

9. That the Separate Defendant, WestRock Services, LLC, is currently, and was at all times relevant to this case, a foreign limited liability company and nation-wide manufacturer registered in this state and doing business in the State of Arkansas.

10. That the Separate Defendant, WestRock Services, LLC's, agent for service of process is Corporation Service Company, located at 300 Spring Building, Suite 900, 300 S. Spring

Street, Little Rock, AR 72201.

11. This is an action seeking compensatory damages, punitive damages, and all other elements of damages applicable to this particular case for personal injuries and damages as a result of an injury on the premises of WestRock's warehouse that occurred on or about May 17, 2021, at approximately 12:00 p.m. Therefore, venue and jurisdiction are proper in this County and District pursuant to ARK. CODE ANN. § 16-60-101 and ARK. CODE ANN. § 16-13-201.

12. Further, John Does I-X identified in Plaintiff's Complaint include other responsible parties and the other possible agents of WestRock at the time of the subject incident. The identity of these John Doe Defendants, despite Plaintiff's best information, is unknown at this time.

13. Attached as Exhibit "A" is an affidavit as required by ARK. CODE ANN. § 16-56-125 regarding the identities and whereabouts of Jane and John Does I-X.

## JURISDICTION AND VENUE

14. This is an action for personal injuries and damages as a result of an injury on the premises of WestRock's warehouse located at 4600 Newlon Rd, Fort Smith, AR 72904, occurring on or about May 17, 2021, in Sebastian County, Arkansas. Therefore, venue and jurisdiction are proper in this County and District pursuant to ARK. CODE ANN. § 16-60-101 and ARK. CODE ANN. § 16-13-201.

15. Jurisdiction is proper pursuant to ARK. CODE ANN. § 16-13-201, which states that circuit courts shall have original jurisdiction of all justiciable matters, actions, and proceedings for the enforcement of civil rights or the redress of civil wrongs, except when exclusive jurisdiction is otherwise assigned to other courts pursuant to the Arkansas Constitution. Jurisdiction is also proper under the ARKANSAS CONSTITUTION, AMENDMENT 80 § 6(A),

which states that circuit courts are established as trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Constitution.

16. Venue is proper in this County and District pursuant to ARK. CODE ANN. § 16-60-101 because Sebastian County is the county in which a substantial part of the event or omission giving rise to the cause of action occurred. That Sebastian County is the county in which the incident occurred.

## FACTS

17. That, on or about May 17, 2021, the Plaintiff, Riley Adonis Powell, was an employee of Diamondback Services, Inc.

18. That, on or about May 17, 2021, the Plaintiff, Riley Adonis Powell, was not an employee of WestRock.

19. That, on or about May 17, 2021, the Plaintiff, Riley Adonis Powell, had not made a contract for hire, express or implied, with WestRock, and has not made a contract for hire, express or implied, with WestRock since that time.

20. That, on or about May 17, 2021, the Plaintiff, Riley Adonis Powell, was performing work that was not that of WestRock, including, but not limited to, providing truck driving services, in that WestRock is and was a manufacturing company specializing in sustainable, fiber-based packaging solutions and does not and did not provide any trucking/delivery services of its own.

21. That, on or about May 17, 2021, WestRock did not have the ability to control the details of the work of the Plaintiff, Riley Adonis Powell, in that, including, but not limited to, WestRock's supervisor did not control when the Plaintiff, Riley Adonis Powell, had to arrive to haul loads and did not have the authority to instruct the Plaintiff, Riley Adonis Powell, on any aspect of hauling a load other than informing the Plaintiff the location to which each load

needed to be delivered.

22. That, on or about May 17, 2021, WestRock, was not engaged in the occupation or business in which Plaintiff, Riley Adonis Powell, was engaged—truck driving—in that, including, but not limited to, the fact that WestRock is and was a manufacturing company specializing in sustainable, fiber-based packaging solutions and does not and did not provide any trucking/delivery services of its own.

23. That, on or about May 17, 2021, truck driving in this locality was not usually done under the direction of an employer; rather, it was usually done by a specialist without supervision, in that, including, but not limited to, truck driving is a "task driven" activity in this locality with little or no supervision provided to the specialist.

24. That, on or about May 17, 2021, truck driving required a level of skill that a standard employee of WestRock did not possess, in that, including, but not limited to, WestRock's employees did not move or operate the commercial motor vehicles that were used to haul WestRock's products to and from the facility.

25. That, on or about May 17, 2021, WestRock did not provide the instrumentalities, tools, or the place of work for the person doing the work, in that, including, but not limited to, Diamondback Services, Inc. provided the trucks (tractors) and the trailers driven by the Plaintiff, Riley Adonis Powell.

26. That, on or about May 17, 2021, the Plaintiff, Riley Adonis Powell, was paid by the hour by his employer Diamondback Services, Inc.

27. That, on or about May 17, 2021, truck driving was not a part of the regular business of WestRock in that WestRock had agreements with, and utilized, Diamondback Services, Inc. and other trucking companies to provide trucking services for WestRock to deliver loads of products to WestRock's various customers.

28. That, on or about May 17, 2021, the Plaintiff, Riley Adonis Powell, and the Separate Defendant, WestRock, did not believe that they were creating the relationship of master and servant.

29. That, on or about May 17, 2021, the Plaintiff, Riley Adonis Powell, arrived at WestRock's warehouse, located at 4600 Newlon Rd, Fort Smith, AR 72904, during regular business hours, to pick up a shipment of cardboard boxes.

30. That the Plaintiff, Riley Adonis Powell, fell on the premises due to a dangerous condition created by the presence of a slick, slimy substance on and around the loading docks that had been caused by the deterioration of cardboard box remnants, where no caution signs were in place, which caused injury to his person and causing damages as set forth herein.

31. That the Plaintiff, Riley Adonis Powell, was forced, as a practical matter, to encounter this risk in order to perform his job.

32. That WestRock was on notice of the slick, slimy substance and failed to remove it.

### COUNT I – NEGLIGENCE – WESTROCK
### FAILURE TO MAINTAIN THE PREMISES

33. Plaintiff re-adopts and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. That the Defendants, WestRock & John Does I-X, were negligent in the following particulars, to-wit:

   a. Defendants had a duty to the Plaintiff to use ordinary care to maintain the premises in a reasonably safe condition;

   b. Defendants breached this duty to Plaintiff by failing to maintain the premises in a reasonably safe condition, and;

      a. that the presence of the slick, slimy substance on and around the loading docks on which Riley Adonis Powell slipped was the result of the Defendants'

negligence, or

b. that the slick, slimy substance on and around the loading docks on which Riley Adonis Powell slipped had been present in that manner for such a length of time that the Defendants knew, or reasonably should have known, of its presence and failed to use ordinary care to remove it.

c. As a direct and proximate result of the Defendants' failure to use ordinary care to maintain the premises in a reasonably safe condition, the Plaintiff sustained damages as set forth herein for an amount to be proven at trial.

## COUNT II – NEGLIGENCE – WESTROCK
## FAILURE TO WARN

35. Plaintiff re-adopts and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. That the Defendants, WestRock & John Does I-X, were negligent in the following particulars, to-wit:

a. Defendants had a duty to the Plaintiff to use ordinary care to maintain the premises in a reasonably safe condition;

b. Defendants breached this duty to Plaintiff by failing to maintain the premises in a reasonably safe condition, and;

a. that the presence of the slick, slimy substance on and around the loading docks on which Riley Adonis Powell slipped was the result of the Defendants' negligence, and the Defendants failed to warn the Plaintiff, Riley Adonis Powell, of its dangerous condition, or

b. that the slick, slimy substance on and around the loading docks on which Riley Adonis Powell slipped had been present in that manner for such a length of time that the Defendants knew, or reasonably should have known, of its presence and

failed to warn the Plaintiff, Riley Adonis Powell, of its dangerous condition.

c. As a direct and proximate result of Defendants' failure to warn the Plaintiff, Riley Adonis Powell, of the dangerous condition on the premises, the Plaintiffs sustained damages as set forth herein for an amount to be proven at trial.

### COUNT III - NEGLIGENT SUPERVISION – WESTROCK

37. Plaintiff re-adopts and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. That the Defendants, WestRock & John Does I-X, and their agents were negligent in failing to properly supervise their agent(s)/employees, in the following particulars, to wit:

   a. Failing to properly supervise their agent(s)/employees;

   b. Defendants knew or should have known with the exercise of reasonable care that the agent(s)/employees, was/were unfit or unqualified to maintain the premises in a reasonably safe condition;

   c. Defendants knew or should have known in the exercise of reasonable care that the agent(s)/employees subjected others to an unreasonable risk of harm;

   d. Failed to supervise the job performance of the agent(s)/employees;

   e. Failed to ensure the agent(s)/employees maintained the premises in a reasonably safe condition.

39. That the negligence of the Defendants, WestRock & John Does I-X, and their agents, was a direct and proximate cause of the damages suffered by the Plaintiff as set forth herein for an amount to be proven at trial.

40. That the Plaintiff sustained damages as set forth herein for an amount to be proven at trial.

### COUNT IV - NEGLIGENT HIRING – WESTROCK

41. Plaintiff re-adopts and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. That the Defendants, WestRock & John Does I-X, and their agents were negligent in failing

to properly hire their agent(s)/employees, in the following particulars, to wit:

a. Failing to properly hire their agent(s)/employees;

b. Failing to exercise reasonable care in the hiring of their agent(s)/employees;

c. Failing to hire agent(s)/employees that would operate a WestRock facility in a reasonably safe manner;

d. Failing to hire agent(s)/employees that would maintain the premises of a WestRock facility in a reasonably safe manner;

e. Defendants knew or should have known with the exercise of reasonable care that the agent(s)/employees, was/were unfit or unqualified to maintain the premises in a reasonably safe condition;

f. Defendants knew or should have known in the exercise of reasonable care that the agent(s)/employees subjected others to an unreasonable risk of harm;

g. Failed to hire agent(s)/employees that would maintain the premises in a reasonably safe condition.

43. That the negligence of the Defendants, WestRock & John Does I-X, and their agents, was a direct and proximate cause of the damages suffered by the Plaintiff as set forth herein for an amount to be proven at trial.

44. That the Plaintiff sustained damages as set forth herein for an amount to be proven at trial.

### COUNT V - NEGLIGENT RETENTION - WESTROCK

45. Plaintiff re-adopts and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. That the Defendants, WestRock & John Does I-X, and their agents were negligent in failing to properly retain their agent(s)/employees, in the following particulars, to wit:

a. Failing to properly retain their agent(s)/employees;

b. Failing to exercise reasonable care in the retention of their agent(s)/employees;

    c. Defendants knew or should have known with the exercise of reasonable care that the agent(s)/employees, was/were unfit or unqualified to maintain the premises in a reasonably safe condition;

    d. Defendants knew or should have known in the exercise of reasonable care that the agent(s)/employees subjected others to an unreasonable risk of harm;

    e. Failed to properly evaluate the job performance of the agent(s)/employees;

    f. Failed to retain agent(s)/employees that maintained the premises in a reasonably safe condition.

47. That the negligence of the Defendants, WestRock & John Does I-X, and their agents, was a direct and proximate cause of the damages suffered by the Plaintiff as set forth herein for an amount to be proven at trial.

48. That the Plaintiff sustained damages as set forth herein for an amount to be proven at trial.

## COUNT VI – NEGLIGENT TRAINING – WESTROCK

49. Plaintiff re-adopts and re-alleges paragraphs 1 through 48 as if fully set forth herein.

50. That the Defendants, WestRock & John Does I-X, and their agents, were negligent in failing to properly train their agent(s)/employees in the following particulars to wit:

    a. Failing to properly train their agent(s)/employees;

    b. Failing to properly train the agent(s)/employees in the proper operations, safety training, and any and all other basic training necessities that a properly qualified person that obtains the position of maintaining the premises in a reasonably safe condition should have;

    c. Failing to prevent agent(s)/employees from allowing the premises to fall into a less than reasonably safe condition;

    d. Defendants knew or should have known in the exercise of reasonable care that the agent(s)/employees subjected others to an unreasonable risk of harm.

51. That the negligence of the Defendants, WestRock & John Does I-X, and their agents, was a direct and proximate cause of the damages suffered by the Plaintiff as set forth herein for an amount to be proven at trial.

52. That the Plaintiff sustained damages as set forth herein for an amount to be proven at trial.

## COUNT VII – OTHER DIRECT LIABILITY CLAIMS OF NEGLIGENCE AGAINST WESTROCK

53. Plaintiff re-adopts and re-alleges paragraphs 1 through 52 as if fully set forth herein.

54. That the Defendant, WestRock, is liable for its own negligent acts that are a substantial contributing factor in causing, and a proximate cause of, the injuries and damages to Riley Adonis Powell, that occurred in the subject fall occurring on the premises of WestRock on or about May 17, 2021.

55. That the Defendant, WestRock, is directly negligent in failing to:

    a. have adequate policies and procedures regarding hiring, training, supervision, retention, & entrustment of employees to prevent reckless and/or negligent maintenance of the premises of a WestRock facility;

    b. have adequate policies and procedures regarding hiring, training, supervision, retention, & entrustment of employees to prevent unqualified employees from maintaining WestRock facilities;

    c. have adequate policies and procedures regarding entrustment, supervision, training, retention & hiring of employees to effectively utilize employee monitoring and supervision procedures to reasonably ensure safe maintenance of the premises of a WestRock facility were required and enforced throughout the company;

    d. utilize employee monitoring and supervision procedures to reasonably ensure safe maintenance of the premises of a WestRock facility were required and enforced throughout the company;

    e. have adequate policies and procedures regarding maintenance of the premises while maintaining the premises at the subject WestRock facility;

    f. perform an adequate background check before hiring agent(s)/employees to the position of maintaining the premises at the subject WestRock facility;

56. Plaintiff makes claim to every common law cause of action for direct liability against WestRock, related to this subject accident.

57. The direct and proximate result of the Defendants' negligent acts, described above, were the proximate causes of the reckless and/or negligent maintenance of the premises of a WestRock facility that is the subject of this suit and proximate and direct causes of the injury and damages to Riley Adonis Powell.

58. That the negligence of the Defendants, WestRock & John Does I-X, and their agents, was a direct and proximate cause of the damages suffered by the Plaintiff as set forth herein for an amount to be proven at trial.

59. That, as a direct and proximate result of the Defendants' negligent acts, the Plaintiff sustained damages as set forth herein for an amount to be proven at trial.

60. That the Plaintiff sustained damages as set forth herein for an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

61. Plaintiff re-adopts and re-alleges paragraphs 1 through 60 as if fully set forth herein.

62. That the Plaintiff demands a jury trial.

63. That the Plaintiff reserves the right to amend this Complaint, including, but not limited to, the addition or deletion of parties, claims, counts, and/or facts supportive of general,

special, compensatory, and/or punitive damages as warranted by discovery.

## DAMAGES

64. Plaintiff re-adopts and re-alleges paragraphs 1 through 63 as if fully set forth herein.

65. Plaintiff, Riley Adonis Powell, seeks damages as set forth herein for an amount to be proven at trial in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332 (an amount in excess of $75,000.00), more particularly, the following:

   a. Damages to the nature, extent, and duration of any injury.

   b. The medical expenses incurred in the past and in the future.

   c. Damages for his pain and suffering and mental anguish suffered in the present and reasonably expected in the future.

   d. Damages to the extent of the permanency of Riley Adonis Powell's injuries.

   e. Damages for his lost wages and/or loss of earnings, past and future.

   f. Damages for his loss and/or impairment of earning capacity.

   g. Scars, disfigurement, and visible result of injury.

   h. Riley Adonis Powell's physical pain and suffering, past and future.

   i. Riley Adonis Powell's mental pain and suffering, past and future.

   j. Damages to compensate Riley Adonis Powell for any physical impairment as a result of this incident.

   k. Damages to compensate Riley Adonis Powell for any disfigurement as a result of this incident.

   l. Damages for Riley Adonis Powell's loss of time, past and future.

   m. Damages for any aggravation of a pre-existing condition or disability suffered by Riley Adonis Powell.

   n. The reasonable expenses of Riley Adonis Powell's necessary medical care,

treatment, and services, past and future.

o. Court costs.

p. Attorney's fees.

q. Prejudgment interest.

r. Post-judgment interest.

s. Punitive damages as a result of the Defendants', WestRock, & John Does I-X, and their agents' failure to warn or make safe the presence of the slick, slimy substance on and around the loading docks on which Riley Adonis Powell slipped on WestRock's premises that constituted a reckless disregard of the Plaintiff's rights, due to the fact that the Defendants, WestRock, & John Does I-X, and their agents knew or ought to have known, in light of the surrounding circumstances, that the failure to warn or make safe the presence of the slick, slimy substance on and around the loading docks would naturally and probably result in injury and they continued such conduct in reckless disregard of the consequences.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against the Defendants on each of the above-referenced claims and Causes of Action, and, including but not limited to, as follows:

1. All compensatory, general, and special damages, for past and future injuries, including, but not limited to, pain and suffering for severe and permanent personal injuries sustained by Riley Adonis Powell, economic damages, and past and future lost wages, past and future medical expenses, loss of earning capacity and capability, healthcare costs, scarring, and medical monitoring, together with any and all other compensatory damages, attorney's fees, costs, pre-judgment interest, post-judgment interest and punitive damages, all as

provided by law, any other relief, cause of action, or measure of damages previously mentioned herein, and all other relief to which he may be entitled, all as the evidence may show in a sum and amount of damages to be determined by a jury in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332 (an amount in excess of $75,000.00);

2. Punitive Damages;

3. For the Plaintiff's reasonable attorneys' fees;

4. For the Plaintiff's costs incurred herein, together with interest thereon at the highest lawful rate from the date of judgment until paid in full;

5. For all other relief requested herein; and

6. For such other relief as the Court deems just and proper.

WHEREFORE, the Plaintiff, Riley Adonis Powell, prays for judgment against the Defendants, WestRock, & John Does I-X, for all elements of damages set forth herein, all as the evidence may show in a sum and amount of damages to be determined by a jury at trial in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332 (an amount in excess of $75,000.00), and for all other damages, including all general, special, compensatory, and punitive damages permitted under Arkansas law, all costs, attorney's fees, and interest, and for all other just and proper relief to which the Plaintiff is shown to be entitled.

Respectfully submitted on behalf of,

Riley Adonis Powell, Plaintiff

BY: _/s/ Brinkley Cook-Campbell_
Brinkley Cook-Campbell
Arkansas Bar No. 2015236
Oklahoma Bar No. 32901
The Law Offices of Craig L. Cook
Attorney at Law
319 North 8th Street
Fort Smith, AR 72901
Phone: (479) 783-8000
Fax: (479) 783-8002
E-mail: brinkley@lawofficesofcraiglcook.com

Craig L. Cook
Arkansas Bar No. 91085
Oklahoma Bar No. 015744
The Law Offices of Craig L. Cook
Attorney at Law
319 North 8th Street
Fort Smith, AR 72901
Phone: (479) 783-8000
Fax: (479) 783-8002
E-mail: craig@lawofficesofcraiglcook.com

STATE OF Arkansas )
                  ) SS:
COUNTY OF Sebastian )

## VERIFICATION

The undersigned, being duly sworn, states on oath that he has read the above and forgoing Complaint and that the facts and matters contained therein are true and correct to the best of his knowledge, information, and belief.

_____
Riley Adonis Powell,
Plaintiff


STATE OF Arkansas )
                  ) SS:
COUNTY OF Sebastian )

## ACKNOWLEDGMENT

On this, the 16th day of May, 2023, before me, the undersigned officer, personally appeared Riley Adonis Powell, known to me, or satisfactorily proven, to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

KATHRYN FORMAN
Notary Public - Arkansas
Crawford County
Commission # 12712974
My Commission Expires Dec 19, 2030

_____
Notary Public

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CIVIL DIVISION

RILEY ADONIS POWELL                                             PLAINTIFF

VS.                          CASE NO. CV-23-_____

WESTROCK CAPITAL PARTNERS, LLC;
WESTROCK KRAFT PAPER, LLC;
WESTROCK PACKAGING SYSTEMS, LLC;
WESTROCK SERVICES, LLC; AND
JOHN DOES I-X                                                   DEFENDANTS

## AFFIDAVIT

Comes now the Affiant pursuant to ARK. CODE ANN. § 16-56-125 and for his affidavit doth state, under oath, as follows:

That several of the possible defendants are unknown, which will be designated as John Doe I, John Doe II, John Doe III, etc., which is necessary for the tolling of the Statute of Limitations; that should the tortfeasor(s) become known, that the Complaint will be amended to re-substitute the real name for the pseudo-name.

FURTHER THE AFFIANT SAYETH NOT.

By: _____
Brinkley Cook-Campbell
Arkansas Bar No. 2015236
Oklahoma Bar No. 32901
The Law Offices of Craig L. Cook
319 North 8th Street
Fort Smith, AR 72901
Phone: (479) 783-8000
Fax:    (479) 783-8002
E-mail: brinkley@lawofficesofcraiglcook.com

**EXHIBIT "A"**

STATE OF ARKANSAS    )
COUNTY OF SEBASTIAN  )

On this, the 16th day of May, 2023, before me, the undersigned officer, personally appeared Brinkley Cook-Campbell, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public



KATHRYN FORMAN
Notary Public - Arkansas
Crawford County
Commission # 12712974
My Commission Expires Dec 19, 2030



# Notice of Service of Process

null / ALL
Transmittal Number: 27034605
Date Processed: 06/02/2023

| | |
|---|---|
| Primary Contact: | Patricia Benjamin<br>WestRock<br>1000 Abernathy Rd<br>Ste 125<br>Atlanta, GA 30328-5606 |
| Electronic copy provided to: | Angela Dotson |
| Entity: | WestRock Kraft Paper, LLC<br>Entity ID Number 3151067 |
| Entity Served: | WestRock Kraft Paper, LLC |
| Title of Action: | Riley Adonis Powell vs. Westrock Capital Partners, LLC |
| Matter Name/ID: | Riley Adonis Powell vs. Westrock Capital Partners, LLC (14145089) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Sebastian County Circuit Court, AR |
| Case/Reference No: | CV-23-445 VII |
| Jurisdiction Served: | Arkansas |
| Date Served on CSC: | 06/02/2023 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | The Law Offices of Craig L. Cook<br>479-783-8000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com