UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RILEY ADONIS POWELL                                                                    PLAINTIFF

v.                                          No. 2:23-cv-2085

WESTROCK CP, LLC                                                                       DEFENDANT

### OPINION AND ORDER

Before the Court are Defendant WestRock CP, LLC's ("WestRock") motion (Doc. 25) to quash portions of Plaintiff Riley Adonis Powell's ("Powell") 30(b)(6) notice and Powell's motion (Doc. 28) to compel responses to his discovery requests. Because the 30(b)(6) notice and the discovery requests cover largely identical topics, the Court considers them at the same time. After reviewing the motions, the parties' briefs in support (Docs. 26, 28), the parties' briefs in opposition of each other's motions (Docs. 30, 31), and WestRock's submission in camera of documents for which it claims privilege, the Court has determined that both motions will be GRANTED IN PART AND DENIED IN PART.

**I.      Background**

Powell was an employee of trucking company Diamondback Services ("Diamondback"). WestRock manufactures fiber-based packaging, including cardboard boxes. On May 17, 2021, Diamondback sent Powell to pick up a shipment of cardboard boxes from WestRock. While performing his job, Powell slipped and fell, sustaining serious injuries. Powell claims that "a slick, slimy substance on and around the loading docks . . . caused by the deterioration of cardboard box remnants" was the cause of his fall and that WestRock failed to remove the substance despite having notice of it. (Doc. 3, p. 6).

On January 5, 2024, Powell sent a notice and subpoena for a 30(b)(6) deposition to WestRock. The notice sought testimony on nine subject matters and production of two categories of documents. WestRock filed a motion to quash (Doc. 25) in response.

After WestRock filed its motion to quash, Powell filed a motion to compel. Specifically, Powell wishes to compel a response to an interrogatory and a related request for production. The interrogatory requests details of "any writings or written reports with respect to" the incident at issue; the request for production requests the reports themselves. (Doc. 29, p. 5). WestRock is withholding responses to this interrogatory on grounds of attorney-client and work-product privilege. Additionally, Powell seeks to compel responses to the material WestRock wishes to quash.

Since the motions were filed, the parties have been able to narrow their dispute, but objections to some discovery requests remain outstanding. WestRock has also submitted *in camera* the two documents reflected in its privilege log, which the Court has reviewed. The Court will resolve the remaining disputes below.

## II. Legal Standard

Under the Federal Rules, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Importantly, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts are vested with wide discretion in determining the scope of discovery. *See, e.g.*, *Gov't of Ghana v. ProEnergy Servs., LLC*, 677 F.3d 340, 344 (8th Cir. 2012) (observing that "appellate review of a district court's discovery rulings is both narrow and deferential" and that a district court's discovery ruling will not be reversed "absent

a gross abuse of discretion resulting in fundamental unfairness in the trial of the case" (internal alterations and quotation marks omitted)).

### III. Discussion

#### a. Interrogatory 3 and Request for Production 6

These discovery requests, which are raised only in Powell's motion to compel, seek "writings or written reports with respect to" the incident at issue and the details thereof. (Doc. 28, p. 4). WestRock argues that the work-product privilege applies[1] to the materials sought. The Court disagrees.

"[T]he party invoking the work product doctrine bears the initial burden of establishing that the materials in question constitute work product[.]" *Ark. Okla. Gas Corp. v. BP Energy Co.*, 2022 WL 1690266, at *2 (W.D. Ark. May 26, 2022) (citing *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 925 (8th Cir. 1997)). To constitute work product, material must be prepared in anticipation of litigation and cannot have been prepared in the regular course of business. *Ark. Okla.*, 2022 WL 1690266, at *4. WestRock argues that the documents in question were prepared "based on an understanding that litigation was likely. That understanding came from comments made by both Powell and his boss John Hughes of Diamondback Trucking." (Doc. 26, p. 6). WestRock specifically denies that the reports were prepared in the normal course of business. However, WestRock employees have testified that Powell did not mention litigation after the fall; indeed, one employee recalls that Powell was on the brink of unconsciousness before

---

[1] While WestRock's briefing also mentions an objection on the grounds of attorney-client privilege, it fails to elaborate on this claim, present evidence or argument in support of the claimed attorney-client privilege, or list any privilege other than work-product privilege in its privilege log. As the party asserting attorney-client privilege, WestRock has the burden to demonstrate that the privilege applies. *United States v. Ivers*, 967 F.3d 709, 715 (8th Cir. 2020). The Court concludes that WestRock has failed to meet this burden.

being taken to the hospital. This is significant because both documents were prepared "on or about" the day of the accident, giving Powell (who was hospitalized for nine days) essentially no opportunity to threaten litigation. (Doc. 31-3, p. 2). Additionally, WestRock employees have stated that WestRock does prepare accident reports in the regular course of its business. Although the parties dispute whether such reports are customarily prepared for non-employee accidents, WestRock has provided no evidence that the accident reports prepared after Powell's accident are different in kind or character from the ones it customarily produces after employee accidents. Finally, the Court has reviewed *in camera* the documents identified in the privilege log and does not believe that their contents are more consistent with litigation work product than with a standard accident report. Ultimately, the Court finds that WestRock has failed to meet its burden to show that work-product privilege applies to the documents in question. **Accordingly, WestRock is directed to respond to Interrogatory 3 and Request for Production 6 as propounded.**

    b.   30(b)(6) Topic 4

Powell seeks testimony about "[t]he actions taken by WestRock CP, LLC after incidents or accidents occur on its premises." (Doc. 31-1, p. 6). WestRock seeks to limit such testimony to incidents on the ramp involving non-employees.

From the parties' pre-motion communications on this topic, it appears that it is intended to encompass specific incidents and not only WestRock's general policy. *See* Doc. 31-2, p. 2. With this understanding, the Court agrees with Powell that the employee/non-employee distinction is irrelevant, as employment status does not affect a person's susceptibility to injury.

In his pre-motion communications regarding this subject, Powell specified that "other incidents involving [people] that fell on the docking ramp(s) and loading dock are extremely relevant to this litigation." (Doc. 31-2, p. 2). While this is not an explicit voluntary narrowing of

4

Powell's request, the Court finds that discovery of *all* actions taken after *all* incidents or accidents on WestRock's premises would be disproportionate to the needs of this case. Accordingly, the Court will narrow the request to encompass only the ramp and loading dock.

**Accordingly, WestRock is directed to testify to the actions it took after incidents or accidents occurring on the ramp or loading dock, regardless of the victim's employment status.**

    c.   *30(b)(6) Topics 5 and 6*

Powell requests 30(b)(6) testimony as to "Maintenance and regular cleaning of the premises of WestRock" and "WestRock CP, LLC's policies and procedures for maintaining the premises of WestRock CP, LLC." (Doc. 31-1, p. 6). WestRock seeks to limit this testimony to the cleaning of the ramp itself. However, the Court agrees with Powell that the substance on which Powell slipped may have originated elsewhere in the facility, making the maintenance of other areas relevant.

In his pre-motion communications with WestRock, Powell "agree[d] to revise this topic to limit discussions to cleanup of the dock ramp AND the loading dock." (Doc. 31-2, p. 2). While Powell appears to argue for a broader scope of discovery (i.e., the whole facility) in his filings with the Court, the Court is disinclined to allow him to backtrack on his earlier agreement. The purpose of pre-motion "good-faith" communications in the discovery context is to clarify and narrow the dispute before the Court becomes involved. Absent some justification for abandoning the earlier position, the Court will allow only the narrowed inquiry.

**Accordingly, WestRock is directed to provide testimony on these topics, but only as regards the ramp and the loading dock.**

    d.   *30(b)(6) Topic 7*

Powell requests 30(b)(6) testimony about WestRock's "policies and procedures for reporting incidents such as the one [at issue here] and the custodians of the same." (Doc. 31-1, p. 6). WestRock seeks to limit this testimony to incidents involving non-employees. Some WestRock witnesses have contended that while there was a policy in place, it did not apply to non-employees. However, the applicability of a policy is ultimately a merits question, and given the policy's potential relevance, the Court will allow discovery at this stage. *See North Dakota v. United States*, 2023 WL 7305207, at *5 (D.N.D. April 7, 2023) (which policies applied to whom "a decision to be made by a trial judge"). **Accordingly, WestRock is directed to respond to the topic as propounded.**

    e.   Topic 8

Powell requests 30(b)(6) testimony on WestRock's "policies and procedures regarding security footage and monitoring of its warehouse(s), loading areas, and drivers." (Doc. 31-1, p. 6). WestRock objects on the ground that no video footage of the incident exists, making the related policies irrelevant. Powell contends that a policy requiring the ramp to be monitored by video would be relevant to spoliation.

Powell is ultimately seeking discovery into the adequacy of WestRock's discovery production. Such "collateral discovery," also known as "meta-discovery" or "discovery on discovery," is warranted in some circumstances. *Catlin v. Wal-Mart Stores, Inc.*, 2016 WL 7974070, at *1 (D. Minn. Sept. 22, 2016) (quoting *Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016) (internal quotations omitted). However, requests for collateral discovery "should be closely scrutinized" so as not to extend "the already costly and time-consuming discovery process" unreasonably. *Id.* For this reason, "[a] party must provide an adequate factual basis for its belief that discovery on discovery is

6

warranted." *Id.* Here, however, Powell has provided no factual basis for his suspicion that WestRock is withholding footage or had deleted footage in its possession. **Accordingly, Topic 8 will be quashed.**

f. *30(b)(6) Topic 9*

Powell requests testimony on all "video footage, photographic evidence, reports, etc. that were created in the aftermath of" the incident at issue. (Doc. 31-1, p. 6). WestRock claims that some responsive materials are subject to work-product privilege. The Court disagrees for the reasons stated under "Interrogatory 3 and Request for Production 6," *supra*. **Accordingly, WestRock is directed to respond to the topic as propounded.**

g. *Request for Production 1*

Powell seeks documents related to the incident at issue, "including, but not limited to, photographs, videos, witness statements, drawings, notes, reports, etc., relating to same." (Doc. 31-1, p. 7). WestRock seeks to avoid production of the documents for which it claims privilege and documents encompassed by its objection to Topic 6; that is, the policies for maintaining areas other than the loading dock.

The Court has resolved WestRock's privilege objections under "Interrogatory 3 and Request for Production 6," *supra*. To the extent that WestRock claims privilege for any other documents, it is WestRock's duty to produce a separate privilege log for these documents.

WestRock further argues that "there are an endless number of 'documents' that can in some way 'relate[]' to Powell's accident." (Doc. 31-2, p. 4). However, an "omnibus phrase like 'relating to' or 'concerning' does not create impermissible overbreadth where 'the omnibus phrase modifies a sufficiently specific type of information, document, or event, rather than large general categories of information or documents.'" *Jason M. Hatfield, P.A. v. Ornelas*, 2023 WL 3391461, at *3

7

(W.D. Ark. May 11, 2023) (quoting *Brown Bear v. Cuna Mut. Grp.*, 266 F.R.D. 310, 320 (D.S.D. 2009)).  Because the omnibus term "related to" modifies a specific event (Powell's accident), the request is not overbroad.

**Accordingly, WestRock is directed to respond to Request for Production 1 as propounded.**

    h.  *Request for Production 2*

Powell seeks documents "related to any complaints . . . of which you are aware [] regarding the condition of WestRock's premises (including, but not limited to, the loading dock area[])". (Doc. 31-1, p. 7).  WestRock seeks to limit production to those documents involving the ramp.  In his pre-motion communications with WestRock, Powell agreed to limit Request for Production 2 to "cleanup of the dock ramp AND the loading dock."  Because the Court believes that conditions on the dock itself are relevant, **WestRock is directed to respond to Request for Production 2 as narrowed to include only those complaints regarding cleanup of the dock ramp and loading dock.**

    **IV.**    **Conclusion**

IT IS THEREFORE ORDERED that WestRock's motion to quash (Doc. 25) and Powell's motion to compel (Doc. 28) are GRANTED IN PART AND DENIED IN PART as stated above.

IT IS SO ORDERED on this 6th day of February, 2024.

                                          /s/ P. K. Holmes, III
                                          P.K. HOLMES, III
                                          U.S. DISTRICT JUDGE