IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**RILEY ADONIS POWELL**                                                                    **PLAINTIFF**

**v.**                                           **CASE NO. 2:23-CV-02085-PKH**

**WESTROCK CP, LLC**                                                                    **DEFENDANT**

<u>**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR CERTIFICATION OF
QUESTION TO ARKANSAS SUPREME COURT**</u>

COMES NOW the Plaintiff, Riley Adonis Powell (hereinafter "Riley Powell," "Powell,"

or "Plaintiff"), by and through his attorney, Brinkley Cook-Campbell of The Law Offices of Craig

L. Cook, and, pursuant to Local Rule 7.2, for his BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR

CERTIFICATION OF QUESTION TO ARKANSAS SUPREME COURT, does state and allege as follows:

**I.        FACTUAL BACKGROUND**

The present case stems from a fall that Powell suffered on May 17, 2021 on the premises

of Defendant, WestRock CP, LLC's (hereinafter "WestRock" or "Defendant"), Fort Smith facility.

Dkt. 14, Amended Complaint, ¶¶ 15-28.   The Defendant has filed a Motion for Summary

Judgment, arguing in its Brief in Support that "Arkansas law holds that the employer of an

independent contractor owes the employees of the independent contractor no duty to provide a

reasonably safe work environment."  Dkt. 34, Brief in Support, pg. 8.

In its argument, WestRock relies heavily on *Duran v. Sw. Ark. Elec. Coop. Corp*. 2018

Ark. 33, 537 S.W.3d 722.  As the Arkansas Supreme Court observed in *Duran*, "[t]he duties of an

employer to the employees of an independent contractor are analogous to those a premises owner

owes a business invitee." *Duran*, 2018 Ark. at 11, 537 S.W.3d at 728.  The *Duran* Court continued, stating:

> Generally, pursuant to the obvious-danger rule, the duty owed to an invitee is satisfied when the danger is either known or obvious to the invitee. Nevertheless, an owner may continue to owe a duty of care to a business invitee who is forced, as a practical matter, to encounter a known or obvious risk to perform his or her job.
>
> We have recognized the forced-to-encounter exception to the obvious-danger rule in slip-and-fall cases where a business invitee was required to traverse an area prone to slippery conditions.

*Id*. at 11, 537 S.W.3d at 728.  The *Duran* Court went on to state "[t]his court has not previously applied the forced-to-encounter exception to employees of an independent contractor."  *Id*. at 11-12, 537 S.W.3d at 729.  However, the Arkansas Supreme Court in *Duran* did not rule on the issue, stating:

> We need not decide that issue because even if the exception applies, there is no question of material fact whether Glover and Duran were forced to encounter an open, energized [electrical transformer] to do the work.  The work could be safely performed without Glover or any of his employees coming into contact with the energized transformer.

*Id*.

In his Brief in Support of Concise Statement/Response in Opposition to WestRock CP, LLC's Motion for Summary Judgment, the Plaintiff argues that the Defendant owed Plaintiff a duty of ordinary care and a duty to warn against dangers or unusually hazardous conditions because the Arkansas Supreme Court has recognized the forced-to-encounter exception to the obvious-danger rule in the context of a business invitee.

WestRock owed Powell a duty of ordinary care to maintain the premises in a reasonably safe condition and a duty to warn against dangers or unusually hazardous conditions because the Arkansas Supreme Court has recognized the forced-to-encounter exception to the obvious-danger

rule in the context of a business invitee. *See Carton v. Missouri Pacific Railroad Co.,* 303 Ark. 568, 573-74, 798 S.W.2d 674, 675-77 (1990); *see also Kuykendall v. Newgent*, 255 Ark. 945, 947-48, 504 S.W.2d 344, 345-46 (1974).

In *Carton*, the Arkansas Supreme Court reversed the trial court's decision to grant a directed verdict in a case in which a driver of a diesel fuel transport truck slipped and fell while unloading diesel fuel at the defendant railroad's terminal, stating:

> The plaintiff was a business invitee to the railroad's facility. The duties of occupiers of land to business invitees usually end when the danger is either known or obvious to the invitee. The plaintiff knew of the danger, and under normal circumstances the railroad's duty to plaintiff would be ended. However, the obvious danger rule does not bar recovery when the invitee is forced, as a practical matter, to encounter a known or obvious risk in order to perform his job. Thus, the defendant railroad owed plaintiff a duty to use ordinary care to maintain the premises in a reasonably safe condition.
> . . .
> In sum, when the testimony is viewed in a light most favorable to the plaintiff, the non-moving party in the motion for a directed verdict, there was substantial evidence from which a jury might have found that the railroad did not maintain the premises in a reasonably safe manner because it failed to (1) remove "greasy" and "messy" gravel from the surface; (2) did not use a concrete surface; or (3) did not install a pump at the terminal.

*Id*. at 573-74, 798 S.W.2d at 675-77 (internal citations omitted).

## II.    ANALYSIS

The state substantive law of Arkansas governs this diversity action. *Murray v. Greenwich Inc. Co.*, 533 F.3d 644, 648 (8th Cir. 2008). The Arkansas Supreme Court has recognized the forced-to-encounter exception to the obvious-danger rule in the context of a business invitee, but the Arkansas Supreme Court has not previously applied the forced-to-encounter exception to employees of an independent contractor, instead deciding the *Duran* case on other grounds. *Carton*, 303 Ark. at 573-74, 798 S.W.2d at 675-77; *Duran*, 2018 Ark. at 11-12, 537 S.W.3d at 729.

Arkansas Supreme Court Rule 6-8 provides, in pertinent part as follows:

> (1) The [Arkansas] Supreme Court may, in its discretion, answer questions of law certified to it by order of a federal court of the United States if there are involved in any proceeding before it questions of Arkansas law which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court.

Pursuant to Arkansas Supreme Court Rule 6-8, should the Court conclude that the forced-to-encounter exception to the obvious-danger rule does not apply in the present case because the Arkansas Supreme Court has not previously applied the forced-to-encounter exception to employees of an independent contractor, this Court should certify the following question to the Arkansas Supreme Court: "Under Arkansas law, does the forced-to-encounter exception to the obvious danger rule apply to employees of an independent contractor?"

## CONCLUSION

For the reasons stated above, if the Court deems it necessary and prudent, the Plaintiff's MOTION FOR CERTIFICATION OF QUESTION TO ARKANSAS SUPREME COURT should be granted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Riley Adonis Powell, prays that this Court grant the Plaintiff's MOTION FOR CERTIFICATION OF QUESTION TO ARKANSAS SUPREME COURT if the Court deems same to be necessary and prudent, and for all other relief to which Plaintiff may be legally or equitably entitled, whether prayed for herein or not.

Respectfully submitted on behalf of
Riley Adonis Powell, Plaintiff

BY: /s/ Brinkley Cook-Campbell
Brinkley Cook-Campbell
Law Offices of Craig L. Cook
319 North 8th Street
Fort Smith, AR 72901
Phone: (479) 783-8000
Fax: (479) 783-8002
E-mail: brinkley@lawofficesofcraiglcook.com
Arkansas Bar No. 2015236
Oklahoma Bar No. 32901
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Brinkley Cook-Campbell, hereby certify that a true and correct copy of the above and foregoing pleading was sent on this ___27th___ day of February, 2024, to the following recipients, via _____ personal delivery; _____ regular mail; ___X___ electronic mail; ___X___ the CM/ECF electronic filing system; _____ fax:

Kyle R. Wilson (89118)
Zachary R. Trail (2018171)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
PHONE:     (501) 371-0808
FAX:         (501) 376-9442
E-MAIL:     kwilson@wlj.com
                ztrail@wlj.com
*Attorneys for Defendant,*
*WestRock CP, LLC*

  /s/ Brinkley Cook-Campbell
Brinkley Cook-Campbell
Law Offices of Craig L. Cook
319 North 8th Street
Fort Smith, AR 72901
Phone: (479) 783-8000
Fax: (479) 783-8002
E-mail: brinkley@lawofficesofcraiglcook.com
Arkansas Bar No. 2015236
Oklahoma Bar No. 32901
*Attorney for Plaintiff,*
*Riley Adonis Powell*